No. 18,526.

GRADEN COAL COMPANY, ET AL. *v.*
CRIST YTUARRALDE, ET AL.
(328 P. [2d] 105)

Decided July 7, 1958.

528

Mr. Forrest C. Northcutt, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

Mr. Eugene Madden, Mr. Ralph Loeb, for defendant in error Crist Yturralde.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is a proceeding under the Workmen's Compensation Act. Plaintiff in error Graden Coal Company and The Employers' Mutual Insurance Company will be referred to as "Employer"; Yturralde as "Claimant," and The Industrial Commission of Colorado as the "Commission."

Claimant, while working in Employers' coal mine on November 27, 1951, was injured in an accident arising out of and in the course of his employment. He filed his claim with the Commission for compensation claiming temporary and permanent disability. A hearing was held on the claim before Referee Moss on June 17, 1953. The only medical testimony consisted of the report of Dr. William Lipscomb, the attending physician, who had operated Claimant for an intervertebral disc. The hearing resulted in an Order dated June 22, 1953, in which the referee found inter alia:

". . . from the evidence and the medical reports submitted that the claimant has reached maximum improvement on June 4, 1953."

Compensation for temporary disability at the rate of $28.00 per week and for permanent partial disability in the sum of $2598.96 was ordered paid, with payments on the latter to begin June 4, 1953.

Claimant acquiesced in and accepted the award until the spring of 1955 when, after securing a lump sum settlement, he filed his petition to reopen the case based upon the medical report of Dr. Mack L. Clayton. Dr. Clayton estimated a larger degree of permanent partial disability than Dr. Lipscomb had found and recommended that claimant be given a fusion operation. This petition was set for hearing before Referee Moss on April 21, 1955. At that hearing the Commission selected Dr. Hamilton I. Barnard and directed him to examine claimant and file a written medical report. At a hearing

on July 15, 1955, Dr. Barnard's report and oral testimony were received in evidence. He recommended against a fusion operation and testified that claimant had attained maximum improvement and was able to work. On July 28, 1955, the referee entered an order denying Claimant's petition to reopen the case. No objection was made by Claimant to this order and its validity is not questioned in this action. See *Cain v. Ind. Com.*, 136 Colo. 227, 315 P. (2d) 823.

On October 17, 1955, Claimant filed a second petition to reopen the case and attached thereto a new written medical report of Dr. Clayton dated September 28, 1955, which stated that a fusion operation had been performed on August 26, 1955, and that "It will be six months before the patient can do any type of heavy work without his brace."

At a hearing held December 23, 1955, Referee Smith entered a Supplemental Order finding that Claimant did not reach maximum improvement on June 4, 1953, as the Commission had previously found, and ordered continued payments on account of temporary disability.

Employer filed its objections and petition to review as required by law and thereafter instituted an action in the district court to review and set aside this last award. After the court proceeding was at issue the trial judge remanded the matter to the Commission for further hearings to determine all the issues relating to temporary disability, date of maximum improvement and degree of permanent partial disability.

Thereafter, on June 12, 1956, a hearing was had before Referee How, who entered a Supplemental Order on July 26, 1956, which shows the admission in evidence of the reports of all three doctors, and which further shows an agreement of the parties to waive cross examination of "each other's witness and to submit the claim for further order." In the order of July 26, 1956, Referee How upheld the original orders of June 22, 1953, and July 28, 1955, and vacated the later orders of Referee Smith.

Claimant objected to the order of July 26, 1956, and petitioned the Commission for a rehearing. The Commission, on August 10, 1956, disallowed his petition and upheld the award. Claimant made no further objection to that Order.

Following the Commission's order of August 10, 1956, Employer filed its motion in the district court to dismiss its action theretofore filed on the ground that the relief prayed for had been granted. The Hon. Albert T. Frantz, then district judge, instead of entering an order of dismissal, remanded the matter to the Commission for another and further hearing on the ground *inter alia* that the award of Referee How affirmed by the Commission could not stand because:

"Referee How did not have the advantage of hearing personally the claimant testify (at the third hearing) to the alleviation of pain after the operation, and of hearing personally Dr. Clayton testify to his objective findings resulting from the operation. His acceptance of the reports of Dr. Lipscomb and Barnard in the face of this testimony, heard by Referee Smith and by the latter justifiably given credence, cannot stand."

On April 3, 1957, the Commission, pursuant to the order of the district court, ordered a new hearing to be held and set the date of April 23, 1957, which was later continued to May 16, 1957. On May 16, 1957, Referee Smith for the Commission held the new hearing and on June 4, 1957, ordered payment to be made for temporary disability from June 4; 1953, to March 31, 1956, contrary to and in conflict with the Commission Award of August 10, 1956.

Employer then petitioned the Commission for a review of its order of June 4, 1957, alleging *inter alia* that the June 4, 1957, award was " * * * contrary to and conflicts with previous findings of the Industrial Commission based upon undisputed evidence." Reference is then made to Referee Moss's findings that " * * * claimant has reached maximum improvement on June 4, 1953

* * *." It is also alleged (which is undisputed) that Claimant had accepted the sum of $2598.96 as payment for his permanent partial disability prior to March 10, 1955, and that shortly before that date he was examined by an orthopedic surgeon, Mack L. Clayton, who had estimated said disability at 13% as a working unit (as against 5% estimated by Dr. Barnard and 7½% by Dr. Lipscomb shown elsewhere in the record).

Another ground for reversal urged by Employer was that "No petition to review the finding as set forth in the Supplemental Order of July 28, 1955, was ever filed on behalf of the Claimant or any objection made thereto."

On July 17, 1957, the Commission affirmed the award of June 4, 1957, and denied Employers' last petition. On July 29, 1957, Employer petitioned Commission for a review of its findings of July 17, 1957, alleging in substance the same grounds it set forth in its earlier petition. This too was denied.

Thereafter employer filed this action for review in the district court setting forth the material facts and asking for an order staying payments until the review was completed. Upon review before the Hon. Neil Horan, the court joined Employers' first district court action as a part of the second action, and after hearing entered an order and judgment affirming the July 17, 1957, award of the Commission, holding that the supplemental orders complained of were entered by the Commission pursuant to the remand order of Judge Frantz. Motion for new trial was dispensed with.

Employer is here by writ of error urging as grounds for reversal:

1. That the district court had improperly substituted its opinion for the Commission's on fact questions when it remanded the case after Referee How's order of July 26, 1956, was approved by the Commission on August 10, 1956.

2. That Claimant is not entitled to recover compensa-

tion on account of temporary disability from June 4, 1953, to March 31, 1956, because the manner in which the referee (Smith) and the Commission have altered their views and statements as found in the various awards shows that their action is a result of a "mere change of mind, and resulted from surmise and conjecture."

Summarized a different way the gist of the Employers' objections are: (1) that there is no conflict in the evidence as to the date Claimant reached maximum improvement after his injury; and (2) that there was no jurisdiction in the district court to enter its orders of remand.

The statutes involved here state in pertinent part:

C.R.S. '53, 81-14-6. "Review—petition—notice.—Any party in interest who is dissatisfied with the order entered by the referee may petition to review the same and the referee may reopen said case, or may amend or modify said order, and such amended or modified order shall be a final award unless objection be made thereto by further petition for review. In case said referee does not amend or modify said order, he shall refer the entire case to the commission, and the commission shall thereupon review the entire record in said case, and in its discretion, may take or order the taking of additional testimony, and shall make its findings of fact and enter its award thereon. The award of the commission shall be final unless a petition to review same shall be filed by an interested party. Every petition for review shall be in writing * * *."

C.R.S. '53, 81-14-7. "Actions to set aside award.—No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as provided in section 81-14-6. * * *."

C.R.S. '53, 81-14-8. "Jurisdiction of courts to review order or award—venue—parties.—Any person in interest * * * being dissatisfied with any such finding, order or

award of the commission * * * may commence an action in the district court * * * against the commission as defendant to modify or vacate the same on the ground herein specified in which action any adverse party shall also be made a defendant; * * *."

C.R.S. '53, 81-14-10. "Complaint-hearing—change of venue—records.—In such action a copy of the complaint, which shall state the grounds upon which the review is sought, shall be served with the summons. * * *."

C.R.S. '53, 81-14-11. "Stay of proceedings—consideration of new issues by commission.—If upon trial of such action it shall appear that *all issues* arising in such action have not theretofore been presented to the commission in the petition filed as provided in this chapter or *that the commission has not theretofore* had an ample opportunity to hear and determine any issues raised in such action, or has *for any reason, not in fact heard and determined the issues raised, the court, before proceeding to render judgment,* unless the parties to such action stipulate to the contrary, *shall transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings in such action until such issues are heard by the commission and returned to said court.* Upon receipt of such statement, the commission *shall hear and consider the issues not theretofore heard and considered, and may alter, affirm, modify, amend or rescind its finding, order or award complained of in said action, and it shall report its action thereon to said court* within a reasonable time after its receipt of the statement from the court. *The court thereupon shall order such amendment or other proceeding as may be necessary to raise the issues* as presented by such modification of the finding, order or award as may have been made by the commission upon the hearing, if any such modification has in fact been made, and thereupon shall proceed with the trial of such action." (Emphasis supplied.)

C.R.S. '53, 81-14-12. "Causes for setting aside award.—

Upon such hearing, the court may affirm or set aside such order or award; but only upon the following grounds:

"(1) That the commission acted without or in excess of its powers;

"(2) That the finding, order or award was procured by fraud;

"(3) That the findings of fact by the commission do not support the order or award."

C.R.S. '53, 81-14-16. "Court may remand case to commission.—Upon setting aside of any order or award, the court may recommit the controversy and remand the record in the case to the commission for further hearing or proceedings, or it may order said commission to enter the proper award upon the findings, as the nature of the case shall demand. * * *."

C.R.S. '53, 81-14-19. "Commission may review on own motion—notice.—Upon its own motion on the ground of error, mistake or a change in condition, the commission * * * at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid, and after notice of hearing to the parties interested, may review any award and on such review, may make an award ending, diminishing, maintaining, or increasing compensation previously awarded * * *. No such review shall affect award as regards any moneys already paid."

Applying the facts of this case to the statutes involved we conclude that the grounds urged for reversal are without merit.

Claimant clearly was not precluded from filing both his first and second petitions to reopen the case even though the award entered at the first hearing had become final. C.R.S. '53, 81-14-19, expressly grants the commission the power to reopen any case within the time provided therein, and this claimant was within the statutory time. It is of course proper for the claimant to

call the matter to the Commission's attention by petition as was done here. We note no restriction in C.R.S. '53, 81-14-19, as to the number of times a case may be reopened, and when based upon new or different evidence no such limitation may be imposed by the courts, that being a matter for legislative expression. As we have pointed out on several occasions, the Workmen's Compensation statute is to be liberally construed to effect its beneficial purpose.

■ By a "final" award, C.R.S. '53, 81-14-6, when construed together with the balance of the chapter relating to this subject, means only that the matter has been concluded unless reopened as provided by C.R.S. '53, 81-14-19.

■ In the first district court action, under C.R.S. '53, 81-14-11, Judge Frantz was not only authorized but required to " * * * transmit to the Commission a full statement of such issue or issues not adequately considered," and to "stay further proceedings in such action until such issues are heard by the commission and returned to said court. * * *." It was the Commission's duty to hear the issue or issues so presented (as it did) and to return its new or re-affirmed award to the court, which it did. This award after it became final is the one Employer objected to by its second action in the district court. The trial court properly consolidated the two actions; the second one being improvident since it was but a part of the original action. A party to an action cannot dismiss it if rights of the defendant have intervened or if the defendant has filed a cross-claim for relief. Here it made no difference that claimant had not sought relief under the statutes, against the Commission's holding of August 10, 1956, affirming Referee How's order of July 26, 1956. The statute protected claimant by directing that the court *sua sponte* should make any referrals it deemed necessary if the matter was properly within the court's jurisdiction. Here there was a continuing juris-

diction in the court for all matters relating to Claimant's injuries.

We conclude that Claimant's case could properly be reopened both times, and that the additional *new* evidence received by Referee Smith in support of his award of June 4, 1957, was proper.

Thus the court and the Commission each having exercised their powers properly, we come to the question of whether there was sufficient evidence for the district court to sustain the last findings of the Commission. This is where C.R.S. '53, 81-14-12, applies. It is clear from what has been said heretofore that subsections (1) and (2) of the statute do not apply. Nor does subsection (3) for the reason that there is adequate evidence in the record to support the last award of the Commission. Dr. Clayton's report of Claimant's last operation, his testimony as to the need thereof, the percentage and period of disability, and the Claimant's testimony, though in conflict with the evidence offered by Employer through Doctors Lipscomb and Barnard, suffices. Conflicts in such evidence are to be resolved by the Commission as the trier of the facts and will not be set aside upon review. *Vanadian Corp. of America v. Sargent,* 134 Colo. 555, 307 P. (2d) 454.

Employer has failed to recognize this as but one action, as we have held it to be, and it having acted under sections C.R.S. '53, 81-14-7, 8 and 10, to confer jurisdiction on the district court, it is thereafter bound by the findings which may arise by virtue of the application of sections C.R.S. '53, 81-14-11 and 19, to the case.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ not participating.