No. 23265.

SERVICE SUPPLY COMPANY, STATE COMPENSATION INSURANCE FUND, AND INDUSTRIAL COMMISSION OF COLORADO *v.* LAWRENCE VALLEJOS.

(452 P.2d 387)

Decided April 7, 1969.

16

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for plaintiffs in error Service Supply Company and State Compensation Insurance Fund.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,

Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

JOHN HOYMAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS is a workmen's compensation case. The claimant, Lawrence Vallejos, is the defendant in error here. Appearing as plaintiffs in error along with the employer are the State Compensation Insurance Fund (Fund) and the Industrial Commission (Commission).

The record discloses that Vallejos was severely burned on July 24, 1961, when sparks ignited fumes from a drum containing ethyl ether. On Vallejos' application, the Commission entered a lump sum award on October 9, 1963. Claiming a change of condition, Vallejos filed a petition supported by medical reports on October 18, 1966, requesting the Commission to reopen the claim on its own motion. On November 3, 1966, the Commission denied the petition. On the same day, the Fund advised the Commission that it had decided to refer Vallejos to an orthopedic specialist, and requested the Commission to defer a decision on the petition to reopen.

Vallejos filed a petition on November 9 for review of the November 3 order, accompanied by another medical report. The Commission advised Vallejos on November 14 that it would hold in abeyance the petition for review of the November 3 order "pending receipt of all medical reports, including a new one from Dr. Blandford if you desire to procure and file same." Thereafter, Vallejos filed another medical report from a different physician. Upon the request of the Fund, Vallejos was examined by the orthopedic specialist, who filed additional reports. From November 3, 1966, when the Commission first denied the petition to reopen, to February 8, 1967, when

the Commission affirmed the November 3 order, the Commission received medical reports from three different physicians.

On February 6, 1967, the Fund reviewed some of the reports in a letter written to the Commission, and requested the Commission to deny the petition to reopen the claim because "there has been an insufficient showing of error, mistake or change in condition." On February 8, the Commission entered its "Supplemental Order" affirming the order of November 3. At no time has the Commission assigned reasons for its decision to deny the petition to reopen, nor has it made any findings of fact.

Vallejos sought review in the district court. After proceedings there, the court remanded the cause to the Commission with directions to vacate its orders of November 3 and February 8. It further directed the Commission to allow all parties additional time to secure further medical reports, and thereafter to enter a new order, assigning reasons for its decision.

The Fund and the Commission contend that the district court exceeded its statutory authority when it entered the foregoing order. We find no error and therefore affirm the judgment of the trial court.

I.

■■ In the present case, we are concerned with a petition to reopen pursuant to the terms of C.R.S. 1963, 81-14-19. Within certain time limitations, the latter statute authorizes the Commission to review an award on its own motion, even though a party in interest may otherwise be barred from obtaining a review under C.R.S. 1963, 81-14-6 by its shorter time limitations. See *Hoover v. Industrial Commission*, 156 Colo. 147, 397 P.2d 223. Under C.R.S. 1963, 81-14-19, it is immaterial who moves to reopen the award. See, *e.g.*, *Industrial Commission v. Nissen's Estate*, 84 Colo. 19, 267 P. 791. Thus the claimant himself, as in this case, may petition the Commission to reopen the award on its own motion.

■ In our opinion, C.R.S. 1963, 81-14-19 contem-

plates that the Commission may consider a petition to reopen to determine whether it presents at least a *prima facie* showing of error, mistake or change of condition. The Commission need not conduct a hearing, however, to determine the validity of the facts alleged in the petition, if in its opinion the facts, even if true, would not present a basis for reopening a final award. *Contes v. Metros*, 113 Colo. 1, 153 P.2d 1000 (construing the predecessor to C.R.S. 1963, 81-14-19). Should the Commission determine that the petition presents a *prima facie* case for review, it is authorized by statute to review the award, "after notice of hearing to the parties interested." C.R.S. 1963, 81-14-19.

Had the Commission merely denied the petition for review of the November 3 order, Vallejos could not successfully argue that the Commission was required to make findings of fact. A denial of a petition to reopen requires no findings. *E.g., Maryland Casualty Company v. Kravig*, 153 Colo. 282, 385 P.2d 669.

In the present case, however, the Commission received and presumably considered medical reports from three different doctors. In a letter to Vallejos, the referee advised him that the Commission would withhold further action pending the receipt of the report made at the request of the Fund. "As soon as this report is in the file," the referee continued, "we will resubmit the file to the Commission *for re-examination.*" (Emphasis added.) Under these circumstances, Vallejos contends, and we agree, that the action taken by the Commission constitutes a "review," which must be attended with notice and a hearing.

The Commission may not circumvent the requirements of notice and a hearing, which are prerequisites to review under C.R.S. 1963, 81-14-19, by ordering that the petition for review shall be held "in abeyance" while the Commission undertakes its own *ex parte* review. The Commission apparently considered the new medical reports. Yet we have nothing in the record before us to

reflect conclusions which the Commission drew from them. Inherent in the procedure employed by the Commission is the danger of grave abuses of discretion which, for lack of a record, cannot be reviewed by this Court.

Once an award is reopened, as in the instant case, the Commission is required to give notice of a hearing to the parties interested, and to make specific findings of fact as to the error or mistake or change of condition, whether it modifies the original award or affirms it. See, *e.g., Maryland Casualty Company v. Kravig, supra; Cain v. Industrial Commission,* 136 Colo. 227, 315 P.2d 823. After reopening an award, the Commission must decide, as in the original hearing, whether the award is entered in conformity with the law and whether it is supported by competent evidence. *Cain v. Industrial Commission, supra.*

## II.

Pursuant to statute, any person in interest may commence an action in the district court to modify or vacate any finding, order or award of the Commission. C.R.S. 1963, 81-14-8. Upon the hearing, the court may affirm or set aside an order or award on the grounds that the Commission acted without or in excess of its powers. C.R.S. 1963, 81-14-12.

As we have pointed out, the Commission acted in excess of its statutory authority in this case when it reviewed the award without giving notice of a hearing. The plaintiffs in error contend, however, that the court was powerless to set aside the orders of November 3 and February 8 because it had made no specific findings that the Commission acted in excess of its authority.

There can be little doubt that the trial court believed that the Commission was acting in excess of its statutory authority. Several times the court commented on the "procedural irregularity" inherent in the case. Throughout its comments the court concerned itself with the requirement that proceedings before the Commission should "be fair, procedurally regular, and should rest on sound

reason." In its order denying a new trial, the court expressly stated that the irregular proceeding was in excess of the Commission's authority. Thus it is clear that the court set aside the orders because they were entered in excess of the Commission's authority. We find no error.

### III.

The plaintiffs in error also object to the portion of the court's order which directs the Commission to allow all parties additional time to secure further medical reports, and thereafter to enter a new order, assigning reasons for its decisions.

▉ Upon setting aside any order or award, the court may recommit the controversy and remand the record in the case to the Commission for further hearing or proceedings, as the nature of the case shall demand. C.R.S. 1963, 81-14-16. For example, the court may order the Commission to consider evidence which it had erroneously rejected. *Industrial Commission v. Fotis,* 112 Colo. 423, 149 P.2d 657.

▉ As we have already discussed, the Commission here must make findings of fact to support its order based upon a proper hearing. In our view, the trial court ordered only what the Commission was required to do under the circumstances of this case to comply with C.R.S. 1963, 81-14-19, as we have construed it in prior decisions. See *Cain v. Industrial Commission, supra.*

We have not overlooked *Bennett Properties Company v. Industrial Commission,* 165 Colo. 135, 437 P.2d 548. Among other points, we held in *Bennett Properties* that the trial court erred when it remanded for further findings because the "Commission record was complete." In the present case, the record lacked findings of fact to support the Commission's action after the Commission had, as we have said, reopened the cause on its own motion. Thus *Bennett Properties* is inapplicable here.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.