MR. JUSTICE ERICKSON
delivered the opinion of the Court.
We granted certiorari to review Berkley Moving & Storage Co. v. Eubank, 37 Colo. App. 299, 546 P.2d 961 (1976). We affirm, with the modifications set forth in this opinion.
Respondent Paul Eubank was injured in an industrial accident on January 16, 1971, while employed by Berkley Moving and Storage Company. Eubank filed a claim with the State Compensation Insurance Fund, and three hearings were held before a referee of the Division of Labor to determine the length of temporary disability, the degree of permanent disability, if any, and the weekly benefits to which Eubank was entitled. Doctor Teal, who testified for Eubank, stated that Eubank had a 3% permanent disability. Testimony on behalf of petitioner indicated that Eubank’s disabilities were only temporary. Referee William G. Kaufman entered his order on November 19, 1971, finding that Eubank had suffered a temporary disability for fifteen days, but that he had suffered no permanent disability. In his supplemental award and findings of fact, dated September 1, 1972, Referee Kaufman determined that the average weekly wage to be used in computing the award of temporary disability was $15.73 per week.
The Industrial Commission affirmed the referee’s decisions, and Eu-bank appealed to the court of appeals. The court of appeals held that the evidence presented at the hearings provided a sufficient basis for the commission’s conclusion that Eubank had not suffered a permanent disability and affirmed that part of the commission’s decision. The court of appeals could not affirm the commission’s findings on the weekly wage rate, as the commission had made no specific findings to support its conclusion on that issue. The court remanded the case to the commission for the necessary findings.
On remand, hearings were held before another referee of the Division of Labor, -Richard Goold. He found that Eubank was entitled to *336 compensation of $59.50 per week. This finding was not appealed. At the same time, the Director of the Division of Labor concluded that the commission’s prior decision concerning Eubank’s permanent disability was “premature and in error,” and on March 26, 1974, ordered that further hearings be held on the issue. Petitioners filed a motion to strike the director’s order. That motion was denied on April 26, 1974.
Goold held a hearing on June 26, 1974; at which Eubank testified that his condition had not improved. No other testimony was given. On July 23, 1974, Goold issued a supplemental order finding that Eubank had suffered a 3% permanent disability and ordered that the petitioners pay Eubank $59.50 per week, starting May 22, 1971, until Eubank had been paid a sum of $2,269.45.
Petitioners appealed the denial of their motion to strike the director’s order to reopen the case. Berkley Moving & Storage Co. v. Eubank, supra. They made two claims: (1) that the director is required, under section 8-53-119, C.R.S. 1973, to state his “conclusions of fact and rulings of law” when he reopens a case, and that the director did not do so; and (2) that Eubank’s testimony at the hearing before Goold was not sufficient to support the commission’s finding that Eubank had sustained a 3% permanent disability.
The court of appeals held that Eubank’s testimony was sufficient to support the commission’s new findings and to justify modification of its earlier order. We affirm.
Eubank’s testimony, which was presented two years after the initial order, supports Goold’s conclusion that Eubank’s disability was permanent. Doctor Teal’s testimony at the original hearing before Referee Kaufman lends additional support to Goold’s later finding of permanent disability and the percentage of that disability.
We also affirm the court of appeals’ holding that the director did not err when he reopened this case, but for different reasons than those set forth in the opinion. The court of appeals held that:
“Nothing in the statute requires the director to set forth in his order the reasons for reopening the case, and it would be a hypertechnical imposition for this court to require him to do so since any orders or award entered in the reopened case must of necessity be supported by written findings which are subject to judicial review.” Berkley Moving & Storage Co. v. Eubank, supra.
Section 8-53-119, C.R.S. 1973, provides, in part, that when the director, upon his own motion, reviews or reopens a case, he “shall state his conclusions of fact and rulings of law.” In Maryland Casualty Co. v. Kravig, 153 Colo. 282, 385 P.2d 669 (1963), we held that where petitions to reopen were filed by claimants, “if the petition is granted specific findings as to the error or mistake or the change in condition are mandatory.”
*337 The director who reope.ns the case, on his own motion, must necessarily give the opposing parties notice as of the claims they will be required to defend. Even though the court of appeals erred in its interpretation of section 8-53-119, C.R.S. 1973, we affirm its decision. In his order to reopen of March 26, 1974, the director concluded that the commission’s decision regarding Eubank’s permanent disability had been “premature and in error,” and this conclusion satisfies the statute’s mandate when specific findings appear in the record. When the director reopens a case, it is the better practice, in order to satisfy the statutory requisite of notice to opposing parties, to state his findings at the same time he announces his decision to reopen, rather than, as here, to supply those findings in the course of later actions by the commission. Nevertheless, the action of the commission in this instance does not constitute reversible error.
Accordingly, we affirm the court of appeals.
MR. JUSTICE HODGES does not participate.