GATES RUBBER COMPANY, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado, Director Department of Labor and Employment, Division of Labor, State of Colorado, and Claimants in the Matter of the Death of Lyle Bigley, Respondents.

Nos. 79CA1014, 81CA0102.

Colorado Court of Appeals, Div. I.

Jan. 28, 1982.

As Modified on Denial of Rehearings April 1, 1982.

Greengard, Blackman & Senter, Lawrence D. Blackman, Robert L. Allman, Tama L. Levine, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Laura J. Reilly, Patricia A. Blizzard, Asst. Attys. Gen., Denver, for respondent Industrial Commission.

Edward J. McHugh, Paul J. McSwigan, Denver, for respondent claimants.

STERNBERG, Judge.

In this review of an order of the Industrial Commission which reversed a ruling of the Director of the Department of Labor, we affirm in part and reverse in part.

A claim was filed by the personal representative of the estate of Lyle Bigley for an award from his employer, Gates Rubber Company, for job related injuries resulting in death. Following a hearing, an award was made in favor of the estate by the hearing officer on March 16, 1976. This order was affirmed by a supplemental order on November 9, 1976, after Gates had filed a petition for review.

Dissatisfied with the result, Gates again petitioned for review. On January 26, 1977, the Director considered the petition, agreed with Gates, and issued an order stating that the supplemental order should be "revoked, rescinded and held for not (sic) . . . ." The Director entered new findings of fact and conclusions which denied the claim.

On March 11, 1977, the claimants filed a petition for review with the Commission which, on November 19, 1977, ruled that, pursuant to § 8–53–106, C.R.S.1973, only the Commission had authority to review a supplementary order of a hearing officer or the Director. Therefore, the Director lacked authority to overturn the hearing officer's supplementary order, and thus, the hearing officer's order awarding benefits on November 9, 1976, was reinstated. In overturning the Director's order, the Commission made no finding on the merits but overturned it only on procedural grounds.

Thereafter, supplemental proceedings took place. This court granted a stay to permit the filing of a petition to reopen with the Director on December 21, 1979. The Director denied the petition and that denial eventually was affirmed by a final order of the Commission.

Of the issues raised, we find those dealing with § 8–53–119, C.R.S.1973 (1980 Cum. Supp.) to be determinative. That statute provides that the Director: "Upon his own motion on the ground of error, mistake, or a change in condition . . . and after notice of hearing to the parties interested, may review and reopen any award . . . and shall state his conclusion of fact and rulings of law . . . . Any such order made by the Director shall be subject to review by the commission." The General Assembly, in enacting this statute, authorized the Director to review awards, *sua sponte.* This power is completely discretionary in the Director, in contrast to a situation arising under § 8–53–106, C.R.S.1973, where one must petition for a review. Therefore, the Director had discretion to reopen this case. *See Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962); *Graden Coal Co. v. Ytuarralde,* 137 Colo. 527, 328 P.2d 105 (1958).

Assuming arguendo that the Director had discretionary power to reconsider the findings independent of the review process even if the second petition for review by Gates

was improperly filed, those powers were not properly used because of the failure to provide notice to Bigley's estate of the reopening of the claim. *Berkley Moving & Storage Co. v. Eubank*, 193 Colo. 334, 566 P.2d 359 (1977) is determinative. There, the court noted the statutory requirement that, when the Director reopens a case on his own motion, notice must be given to opposing parties of the claims they would be required to defend. Contrary to Gates' assertion, the Director's issuance of new findings of fact did not obviate the notice requirement of the statute. *Compare Berkley, supra, with Service Supply Co. v. Vallejos*, 169 Colo. 14, 452 P.2d 387 (1969).

The order of the Commission voiding the Director's supplemental order of January 26, 1977, is affirmed. Because the petition to reopen filed on December 31, 1979, raises factual issues requiring hearing, the denial of that petition is reversed and the cause remanded to the Commission for hearing.

COYTE and KIRSHBAUM, JJ., concur.